UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF CATHY BLOOMFIELD** | ) | **CASE NO.1:04CV2160** |
| **SANDY SPEARS, ADMINISTRATOR** | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MDI, INC. ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's August 16, 2005, order denying Plaintiff's Motion for Extension of the Discovery Deadline (ECF #52), Plaintiff's Motion to Compel (ECF#51) and Defendant's Alias Motion to Strike Plaintiff's Motion to Compel (ECF #57).

The Court denies Plaintiff's Motion for Reconsideration. Plaintiff first sought an extension of discovery on July 27, 2005, five days prior to the discovery cut off date of August 1, 2005. The reason for Plaintiff's motion was the noncompliance with various discovery requests by defendants. The case management conference in this case was held on December 17, 2004. In the nearly eight

months allowed for non-expert discovery, Plaintiff never complied with the requirements of Local Rule 37.1, with regard to discovery disputes. In that time Plaintiff never approached the Court seeking its intervention in the ongoing discovery dispute.  The Court denied Plaintiff's Motion for failure to show good cause.  Then, on August 16, 2005, Plaintiff filed a Motion to Compel.  This Motion again failed to comply with Local Rule 37.1 requiring all Motions to Compel be filed no later than ten days after the close of discovery.  As discovery was closed on August 1, 2005, Plaintiff's Motion to Compel was filed six days out of rule without leave. Plaintiff's Motion to Compel itself violates the requirements of Local Rule 7.1 setting a fifteen page limit for non-dispositive motion memoranda.  Plaintiff's Motion to Compel is forty-two pages and again was filed without leave to exceed the page limit.

In defense of his failure to abide by the civil and local rules Plaintiff offers the statement, "Plaintiff's counsel was unaware of this Court's preference that discovery disputes were to be brought promptly to the Court's attention."  Which Court does not want burdensome and time consuming discovery disputes resolved promptly?  Are not the orderly management of cases and dockets, timely and cost saving exchanges of relevant discovery, and quick and equitable resolution of  disputes laudable judicial goals?

Plaintiff's brief in support of his Motion to Compel further states, " Plaintiff's counsel wrongfully assumed that the Defendants' refusal to cooperate in discovery could be addressed by the Court informally at the pretrial conference."  Plaintiff's preference for practicing law by assumption rather than abiding by the express language of civil and local rules places him on dangerous ground.

The Court finds that such blatant and repeated disregard for the civil and local rules coupled with the utterly illogical excuse that Plaintiff was "unaware" that the Court would want to resolve disputes promptly, fails to provide this Court with even the slightest modicum of good cause necessary

to warrant an extension of time for discovery.

However, Defendant MDI does not have clean hands in this matter. The Court finds that Defendants have delayed and denied discovery to Plaintiff that is relevant and is not protected nor privileged. Therefore, while the Court will not grant an extension of the discovery deadline, the Court does Order Defendant to provide to Plaintiff the following documents or attest in affidavit to their nonexistence:

1) Defendant MDI shall provide any and all documents relating to noticing MDI of defects, problems, or repairs to the product in question or shall attest in written affidavit that such documents do not exist. All documents are to be produced dating from 1997 to the present.

2) Defendant shall provide the information requested in Interrogatory No. 28 from 1997 to the present.

3) Defendant shall provide the information requested in Interrogatory No. 31 from 1997 to the present.

Defendant shall provide the above ordered responses and documents within two weeks of the date of filing of this Order. Failure to comply may result in sanctions.

IT IS SO ORDERED.

September 28, 2005          /s Christopher A. Boyko
Date                        CHRISTOPHER A. BOYKO
                            United States District Judge